**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GABRIEL FONSECA,  )
 )
 )
        **Plaintiff,**  )
 )
v.  )
 )   Case No. 12-1431-CM
CAROLYN W. COLVIN, ACTING  )
COMMISSIONER OF SOCIAL  )
SECURITY,[1]  )
 )
 )
        **Defendant.**  )
 )

## MEMORANDUM AND ORDER

Plaintiff Gabriel Fonseca bases his claim of disability on shoulder, back, and foot pain. He seeks disability insurance benefits from April 29, 2006 through December 31, 2006, pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq. An Administrative Law Judge ("ALJ")—Michael D. Shilling—found that plaintiff was not disabled in a July 22, 2011 decision, which stands as the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff contends that the ALJ erred because he assessed a residual functional capacity ("RFC") that was not based on all the substantial evidence of record.

This is not the first time plaintiff has sought disability insurance benefits. On April 28, 2006, another ALJ—George M. Bock—found that plaintiff was not disabled based on his earlier application. Plaintiff did not appeal that decision to the United States District Court. The April 28, 2006 decision, therefore, stands as the final decision of the Commissioner on plaintiff's earlier application.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

-1-

After reviewing the briefing and the full record, the court makes the following rulings.

## I.     Legal Standard

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "Substantial evidence" is a term of art. It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ. *Jarmillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability. *Hunter*, 321 F. App'x at 792. A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity. *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)).

The ALJ uses a five-step sequential process to evaluate disability claims. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted). The only step at issue here is the step before the fourth step—assessing plaintiff's RFC. *See Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).

## II.     Analysis

Plaintiff claims that the ALJ in this case erroneously assessed his RFC because he determined that some of the evidence in the record was not relevant and disregarded it. According to plaintiff, the ALJ determined an RFC that was not based on all of the substantial evidence of record. Specifically, plaintiff alleges that ALJ Shilling did not properly consider the opinions of Dr. Patel, Dr. Stein, and Dr. Sankoorikal. Indeed, ALJ Shilling noted that "[t]he medical source statements provided by various treating and non-treating sources were not applicable to the time period in question." (Doc. 6-2 at 14.)

While ALJ Shilling did not discuss the opinions of these three doctors in his own opinion, he specifically "incorporate[d] the discussion of the evidence by ALJ Bock through April 28, 2006." (*Id.* at 12.) This is an acceptable practice. *See, e.g.*, *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (explaining that "[a]lthough [ALJ] Kelly did not specifically address Dr. Dawson's opinion, she incorporated by reference ALJ Bernoski's discussions of the medical evidence[,]" which was supported by substantial evidence); *Shawn v. Comm'r of Soc. Sec.*, No. 2:09cv485, 2010 WL 4623965, at *14 (E.D. Va. Nov. 2, 2010) (citing *Dixon*, 270 F.3d at 1178; *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 n.10 (C.D. Cal. 2006)); *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1137 (C.D. Cal. 2009) (citations omitted). As noted above, ALJ Bock wrote the previous opinion on plaintiff's disability. He discussed at length the medical evidence of record, including the opinions of Drs. Patel, Stein, and Sankoorikal. (Doc. 6-3 at 13–15.) He afforded the assessments of Drs. Patel and Stein little weight and explained his reasoning. (*Id.* at 14.) And ALJ Bock used Dr. Sankoorika's consultative examination as evidence that plaintiff's allegations of disabling orthopedic conditions were not supported. (*Id.* at 13.)

Regarding the disability application now before the court, ALJ Shilling found that plaintiff was less limited in 2006 than opined by Dr. Sankoorika. But ALJ Shilling explained why he found plaintiff's impairments to be less limiting:

> During the time period from the claimant's alleged onset date of April 29, 2006 through his date last insured of December 31, 2006, the only medical evidence of record concerns two visits to internist Afshin Arya, M.D. [in] May and June 2006 for chest pain. The claimant refused any blood work or stress test due to fear of having any sort of needle stick. He even refused an exercise stress test due to alleged back pain. Dr. Arya instructed the claimant to see a cardiologist and stop smoking. At his second visit, he agreed to see a cardiologist, but there is no evidence that he followed through on such specialist care. . . . In fact, there is no evidence that he received any kind of medical care again until 2008. The claimant's attorney made no indication that the record was incomplete and asked for no extra time to submit additional medical records.

(Doc. 6-2 at 4.) In other words, ALJ Shilling considered the medical evidence prior to April 29, 2006, but viewed it in light of plaintiff's lack of medical attention after that date. Because the medical record was so limited during the time period for which plaintiff now seeks benefits, ALJ Shilling was left to conclude that plaintiff's medical conditions must have improved. *See Dellinger v. Barnhart*, 298 F. Supp. 2d 1130, 1137 (D. Kan. 2003) (citation omitted) ("Minimal or conservative medical treatment may evince a pain that is not disabling."). This decision is supported by substantial evidence in the record (or rather, the lack of evidence). The lack of medical visits is consistent with other aspects of the record. First, at plaintiff's hearing, he attempted to testify about his abilities and activities in 2006, but his memory was sketchy and he could not recall how much he could lift or what his activities of daily living were. He did state that he had no problem with personal care at that time. Second, plaintiff's application and written statements primarily address his condition in 2010 and 2011—not 2006.

Plaintiff suggests ALJ Shilling had no basis for his RFC findings because they do not mirror the medical source opinions provided before April 2006. But there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v.Astrue*, 682 F.3d 1285, 1288–89 (10th Cir. 2012). The ALJ makes the RFC assessment—not a physician. *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Here, ALJ Shilling found that plaintiff could engage in medium work, which involves lifting

no more than fifty pounds at a time, with frequent lifting or carrying up to twenty-five pounds. *See* 20 C.F.R. § 404.1567(c). This assessment is less limited than the medical source opinions and ALJ Bock's opinion. But ALJ Shilling adequately explained his reasons why.

This case presents a situation in which a prior ALJ (ALJ Bock) made findings based on plaintiff's medical records through April 2006. Plaintiff did not challenge those findings. The present ALJ (ALJ Shilling) incorporated the ALJ Bock's discussion by reference. He then explained why he found plaintiff even less limited than the ALJ Bock did. ALJ Shilling's analysis and RFC finding is supported by substantial evidence in the record. He did not ignore the medical source opinions in the record, but instead adopted ALJ Bock's discussion and adjusted his own RFC findings based on the record developed after the date of ALJ Bock's opinion. The court finds no error in this approach.

As a final note, the Commissioner urges the court to find that res judicata prohibits reconsideration of ALJ Bock's decision to give little weight to the opinions of Drs. Patel and Stein. This position is not entirely accurate and does not dictate the court's decision. There is a difference between applying res judicata to a final decision (when there is no updating information) and applying res judicata to the weight given to a physician's assessment when the record contains additional medical evidence. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("[A]lthough the final judgment denying that [earlier] application was res judicata, this did not render evidence submitted in support of the application inadmissible to establish, though only in combination with later evidence, that [the claimant] had become disabled after the period covered by the first proceeding."); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ.").

**IT IS THEREFORE ORDERED** that the Commissioner's decision is affirmed.

Dated this 16th day of September, 2013, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**